IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | | |
|---|---|---|
| SAMUEL E. RICHARDS,<br><br>Plaintiff,<br><br>vs.<br><br>M.J. EDWARDS, DR. BAIRD, MEDICAL DIRECTOR; NURSE SUPERVISOR LOCK, RNS MONEY,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) | 1:24-CV-00004-CBB |

**MEMORANDUM OPINION[1]**
**ON MOTION TO DISMISS ECF No. 108**

**Christopher B. Brown, United States Magistrate Judge**

## I. Introduction

This civil rights action was initiated by Plaintiff Samuel E. Richards against several corrections officials and medical professionals at Pennsylvania Department of Corrections ("DOC") at State Correctional Institution ("SCI") at Albion. Richards generally alleges Defendants violated his federal civil rights for failing to provide adequate healthcare during his incarceration. ECF No. 47.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331. Presently before the Court is a motion to dismiss by Defendants M.J. Edwards, Nurse

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

Supervisor Lock, and RNS Money (collectively "Corrections Defendants"). ECF No. 108. The remaining Defendants filed an Answer. ECF No. 104. The motion is fully briefed and ripe for consideration. ECF Nos. 109, 112. For the reasons that follow, the motion to dismiss is granted in part and denied in part.

## II. Background

Richards is an inmate currently in DOC custody and incarcerated at SCI Forest. He brings this action for alleged civil rights violations in connection with inadequate medical care he received while incarcerated.

In June 2023, Richards claims he was approved and scheduled for "keratoplasty procedure" for his eye condition, but it did not occur. ECF No. 47 at ¶ 8. On June 31, 2023, he was transferred from SCI-Dallas to SCI- Albion. ECF No. 47 at ¶ 8. He claims when he arrived at SCI-Albion, he told the reception nurses of his surgery, and they told him that there was no surgery documented in his medical chart and told him to submit a sick call. *Id.*

Richards submitted sick call slips on June 25, 2023, August 23, 2023 and September 7, 2023 but claims he was not scheduled or seen for these requests. *Id.* at ¶ 9. Richards claims he submitted unspecified accommodation requests on June 27, 2023 and July 19, 2023. *Id.* A review of the exhibits Richards attached to his amended complaint reveals that Richards requested an accommodation to inspect his medical records, requested the records be provided to him in a larger font size or that he be provided with hard copies of his medical records. ECF No. 47-1 at 6. This request was seemingly granted in part – Richards was able to view his medical

records but not provided with a hard copy and claims he was only given 15 to 20 minutes to do so in person. *Id.*; ECF No. 47 at ¶ 9.

Richards was seen by medical on September 20, 2023 one week after he filed a grievance. ECF No. 47 at ¶ 10. Richards was then seen by an ophthalmologist on December 8, 2023 who recommended Richards undergo a corneal transplant and use darker-tinted glasses. *Id.* He claims he was required to purchase darker-tinted glasses from commissary. *Id.*

Richards asserts the following four claims:

1. A 42 U.S.C. § 1983 Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Edwards for "failing to promptly schedule[unintelligible] plaintiff's sick call requests." *Id.* at ¶ 11.

2. A § 1983 Fourteenth Amendment equal protection claim against Defendants Edwards, Lock and Money for "failing to provide reasonable accommodations" for his medical review requests. *Id.* at ¶¶ 12, 14.

3. An Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA") failure to accommodate claim against Defendants Edwards, Lock and Money for "failing to provide reasonable accommodations" for his medical review requests. *Id.*

4. A § 1983 Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Baird for "failing to promptly schedule/coordinate plaintiff's recommended specialized medical treatment[.]" *Id.* at ¶ 13.

Richards seeks declaratory, injunctive and monetary relief. *Id.* at ¶¶ 15-18. Corrections Defendants now move to dismiss all claims against them.

## III. Standard of Review: Fed. R. Civ. P. 12(b)(6)

The applicable inquiry under Fed. R. Civ. P. 12(b)(6) is well settled. A complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief;" Fed. R. Civ. P. 8(a)(2), and can be dismissed for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). A defendant bears the burden of showing a plaintiff's complaint fails to state a claim. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must be dismissed if it merely alleges entitlement to relief without supporting facts. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), nor a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of their claims – not if they will ultimately prevail. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds).

In deciding a motion to dismiss, a court may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record and any document "integral to or explicitly relied upon in [framing] the complaint." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (cleaned up). If a court considers other matters outside of this list, the motion must be converted to a motion for summary judgment after giving the parties a reasonable opportunity to present all material discovery relevant to a summary judgment motion before the Court's decision. Fed. R. Civ. P. 12(d).

Finally, because Richards is proceeding pro se, the allegations in the complaint must be held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). If the Court can reasonably read his complaint to state a claim upon which relief can be granted, it will do so despite his failure to cite proper legal authority, confusion of legal theories, poor syntax, and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982). Despite this leniency, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

## IV. Discussion

In their motion to dismiss, Corrections Defendants seek dismissal of the entire amended complaint. ECF No. 109 at 5. In doing so, they make the following arguments: 1) any claims against defendants in their official capacities should be dismissed as barred by Eleventh Amendment immunity; 2) all claims should be

dismissed for lack of personal involvement; and 3) the ADA and the Fourteenth Amendment's Equal Protection clause claims should be dismiss for failure to state a claim. *Id.* at 5-11.

### a. Concessions by Richards

As an initial matter, Richards concedes almost all of the arguments raised by Corrections Defendants in their Motion to Dismiss. In particular, Richards concedes he cannot sue Corrections Defendants in their official capacities and withdraws all official capacity claims. ECF No. 112 at 5. Similarly, Richards withdraws his claims for declaratory and injunctive relief. *Id.* Finally, Richards concedes he cannot state a claim under the ADA nor can he state a Fourteenth Amendment equal protection claim. *Id.* at 10. Accordingly, any official capacity claims against Corrections Defendants, Richards' claims for declaratory and injunctive relief, and his ADA and Fourteenth Amendment equal protection claims against Corrections Defendants are dismissed from this action with prejudice. After these concessions, the only claim remaining to address is Richards' Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Edwards at Count One.[2] The Court will thus address the remaining arguments in Corrections Defendants' motion to dismiss with this respect to this claim.

### b. Personal Involvement under 42 U.S.C. § 1983

[2] The Court notes that Richards makes a similar deliberate indifference to serious medical needs claim against Medical Defendant Baird at Count Four. As Defendant Baird is represented by different counsel who filed an Answer, ECF No. 104, there is no need to address this claim here and it will remain.

Relevant here, Richards asserts an Eighth Amendment deliberate indifference to serious medical needs claim at Count One against Defendant Edwards. ECF No. 47 at ¶ 11. Corrections Defendants argue that Richards has not adequately alleged Defendant Edwards was personally involved in the alleged misconduct to support § 1983 liability. ECF No. 109 at 7-9.

It is well-established that an individual defendant in a § 1983 action "must have personal involvement in the alleged wrongdoing[.]" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). It appears that Richards names Defendant Edwards for his alleged role in the constitutional violations by virtue of his status as a supervisor. *See* ECF No. 47 at ¶ 4 (indicating Defendant Edwards is the Corrections Health Care Administrator assigned to SCI-Albion and responsible for all administrative duties in SCI-Albion's medical department). Liability under § 1983 cannot be predicated solely by a defendant's status as a supervisor. *Evancho*, 423 F.3d at 353. Instead, there are two "general" ways in which a supervisor-defendant may be liable under § 1983: (1) where the supervisor personally participated in the constitutional violation; or (2) where the supervisor established a policy, custom or practice which caused the harm. *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). As for the first theory of liability, "a supervisor may be personally liable under [section] 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *Id*. As for the second theory of liability, "[i]ndividual defendants who are policymakers may be

liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.' " *Id.*

It appears that Richards bases his constitutional claims against Defendant Edwards for his failure to follow the DOC's Health Care Procedure Manual, the Inmate Health Care Plan and because he denied Richards's requests for medical treatment. ECF No. 112 at 7-9. Defendant Edwards argues Richards has not established "actual knowledge, personal direction, or acquiescence in misconduct to establish personal involvement" under § 1983. ECF No. 109 at 9. While Richards' allegations are not fully developed, the amended complaint includes enough facts to raise a reasonable expectation discovery will reveal evidence of Defendant Edwards' personal involvement. Richards claims after he was transferred to SCI-Albion in June 2023, Defendant Edwards delayed and/or denied his sick call requests on June 25, 2023, August 23, 2023, and September 7, 2023. *See e.g.*, ECF No. 47 at ¶¶ 8 - 11; ECF No. 47-1 at 4. He adds that he was only seen by a medical professional on September 20, 2023 after he filed a grievance. *See id.* Thus, the claim against Defendant Edwards is predicated upon his personal involvement in the decision to deny or delay Richards's medical treatment. *See e.g.*, *Zilich v. Doll*, No. 3:13-CV-02814, 2015 WL 9690311, at *8 (M.D. Pa. Dec. 4, 2015), *report and recommendation adopted,* No. CV 3:13-2814, 2016 WL 108119 (M.D. Pa. Jan. 11, 2016). Richards will have to prove through evidence whether and to what extent Defendant

Edwards was personally involved and how he was deliberately indifferent to his serious medical needs.

Accordingly, Corrections Defendants' motion to dismiss is denied in this respect.

## V. Conclusion

Based on the above, Corrections Defendants' motion to dismiss is granted in part and denied in part. Corrections Defendants' motion is granted with respect to Richards's official capacity claims, claims for declaratory and injunctive relief, Fourteenth Amendment equal protection claim and ADA claim, which are dismissed with prejudice. The following claims remains: (1) an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Edwards and Baird. An appropriate Order follows.

DATED this 14th day of September, 2026.

BY THE COURT:

s/Christopher B. Brown
United States Magistrate Judge